IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 21–01–M–DLC |
| Plaintiff, | |
| vs. | ORDER |
| DAVID RAYMOND SMITH, | |
| Defendant. | |

Before the Court is Defendant David Raymond Smith's Unopposed Motion to Vacate and Reset Trial Date and Associated Deadlines. (Doc. 23.) Mr. Smith argues that a superseding indictment has been filed in this case and, as such, a new scheduling order should issue establishing a new trial date and associated deadlines. (*Id.*) The United States does not object.

The Court will deny the motion, subject to renewal. Mr. Smith's motion implicates the Speedy Trial Act but does not cite to or even mention it. Absent more, the mere filing of a superseding indictment is generally insufficient to justify an exclusion of time under the Speedy Trial Act or a restarting of the clock altogether. *See United States v. King*, 483 F.3d 969, 972 (9th Cir. 2007). While the filing of superseding indictment may justify restarting of the speedy trial clock

or an exclusion of time on an active speedy trial clock, Mr. Smith has not articulated why either outcome should occur in this case.

Accordingly, IT IS ORDERED that the motion (Doc. 23) is DENIED, subject to renewal. Any renewed motion should outline whether Mr. Smith believes that filing of the superseding indictment has restarted any applicable speedy trial clock or whether he merely seeks an exclusion of time on the already active speedy trial clock.

DATED this 9th day of August, 2021.

_____
Dana L. Christensen, District Judge
United States District Court