IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID RAYMOND SMITH,<br><br>Defendant. | CR 21–1–M–DLC<br><br><br><br>ORDER |

Before the Court is the United States' Application for Writ of Execution for substantial, nonexempt property belonging to Defendant David Raymond Smith. (Doc. 76.) Based on the documents filed by the United States, and other documents filed in this case, the Court makes the following findings:

1.   The Court is empowered by 28 U.S.C. § 3013 to modify enforcement procedures in the Federal Debt Collection Procedures Act ("FDCPA"). Modification of the procedures in 28 U.S.C. § 3203 (writs of execution issued pursuant to the FDCPA) is warranted in this case to increase the sale price of the property which is the subject of this Order, thereby maximizing the amount of restitution to the victims of Defendant's crimes.

2.   Pursuant to 18 U.S.C. § 3613(c), upon pronouncement of the judgment in this criminal case imposing restitution, the United States obtained a lien on all of Defendant's property and rights to property.

1

3. The Court finds that the Application meets the requirements of 18 U.S.C. § 3613 and 28 U.S.C. § 3203, and grants the application.

Accordingly, IT IS ORDERED that the United States Clerk of District Court shall issue the Writ of Execution and Clerk's Notice and provide the same to the United States.

IT IS FURTHER ORDERED that in executing this Writ, the United States Marshal Service shall enter the real property located at 975 Someesch in Hamilton, Montana, and post the writ and notice of levy on a conspicuous place on the property.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 3013, that the procedure for selling the aforementioned property is modified as follows:

    a. The USAO shall be permitted to contract with a real estate agent or broker of its choosing, for the express purpose of seeking prospective purchasers of the Property. The real estate agent or broker may charge a reasonable commission for his or her services, not to exceed six percent (6%) of the sales proceeds, which will be paid from the proceeds of sale.

    b. The USAO shall have sole discretion to accept or reject any offer on the Property.

    c. From the time the Court enters its Order approving this Writ, until the closing date of the Property, Defendant shall:

        i. be responsible for the payment of all taxes and insurance on the property. Insurance coverage on the Property must be sufficient to protect against the entire value of the property in case of a total loss, in an amount not less than $2 Million Dollars ($2,000,000.00);

        ii. remain current on all obligations secured by the Property;

        iii. maintain the Property in the same or better condition;

    iv. fully cooperate with all showings, open houses, and inspections, including making the Property available with twenty-four-hour notice; and

    v. vacate the Property, including all possessions, prior to closing of the sale of the Property, as such date is determined by the USAO.

d. The USAO shall provide Defendant, his spouse, the Smiths' attorney(s), and the United States Probation Office with written notice of an anticipated closing date upon acceptance of a viable offer so Defendant and his spouse can prepare to vacate the Property. Any closing date will not occur less than two weeks from the date the USAO accepts an offer.

e. The USAO shall have the power to execute any documents to facilitate the sale of the Property and the transfer of ownership, including, without limitation: contracts, buy/sell agreements, and counter-offers.

f. Upon USAO approval of the deed, the United States Marshal's Service is authorized and ordered to execute a marshal's deed to transfer the Property.

IT IS FURTHER ORDERED that the closing title company of USAO's choosing, upon USAO's approval of the closing statement, is authorized to distribute at closing the following amounts from the proceeds of sale:

a. All normal and usual selling costs, including title and closing fees, pro-rated property taxes, any special assessments or Special Improvement District fees, and a realtor fee not to exceed six percent (6%) of the gross sales price;

b. The then-current principal and interest due First Interstate Bank on its Deed of Trust dated July 20, 2016; and

c. The then-current principal and interest due First Interstate Bank on its Deed of Trust dated July 25, 2016.

      d. All net sales proceeds be paid to the Clerk of the Court.

IT IS FURTHER ORDERED that any the reasonable expenses incurred by the United States in its execution of the proposed writ and this Application, and for any costs required to keep and maintain the property, be deducted from the proceeds of the sale of the property.

IT IS FURTHER ORDERED that the distribution of all net sales proceeds by the Clerk of Court be subject to Court approval, subject to any remaining claims to the proceeds. The USAO shall file a motion proposing the distribution of net proceeds, the respective priorities, and the application of proceeds to restitution. Any disputes as to the distribution of and rights to receive the proceeds of shall be heard by this Court.

DATED this 16th day of November, 2022.

_____
Dana L. Christensen, District Judge
United States District Court