IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID RAYMOND SMITH,<br><br>Defendant. | CR 21–1–M–DLC<br><br><br><br>ORDER |

     Before the Court is a Stipulated Motion for Order to Pay Pre-Indictment Lien and for Application to Restitution filed by the United States, and signed and consented to by TrailWest Bank, Robert Bertch, and Bertch Company, LLC. (Doc. 102.) Based on the documents filed in this case and the information presented in the Stipulated Motion, the Court finds and concludes the following:

     1.     The Court ordered Defendant to pay total restitution of $922,486.37 in its amended judgment in this case, including $142,339.29 to Robert Bertsch. (Doc. 87 at 5.)

     2.     The Court issued a writ of execution against real property owned by Defendant and Mrs. Smith. (Docs. 80–81.) The United States deposited net proceeds of that sale in the amount of $1,015,587.77 with the Clerk of Court in an interest-bearing account pending further order by the Court as to distribution. (Doc. 100.)

3. The proceeds of sale are subject to a pre-indictment "Trust Indenture" which Defendant and Mrs. Smith granted to Bertch Company, LLC, and are jointly obligated to repay. Bertch Ranch and Timberland Companies, LLC, is the surviving entity of a merger involving Bertch Company, LLC.

4. The restitution awarded to Robert Bertch stems from a bounced (NSF) check for $142,339.29, which was payable to "Elk Park Ranch," another entity solely owned and controlled by Robert Bertch, and which was secured by Bertch Company's Trust Indenture. Thus, Bertch Company, LLC, rather than Robert Bertch, was entitled to restitution.

5. Bertch Company sold its rights and interests in its Trust Indenture to TrailWest Bank. Accordingly, Bertch Company is not entitled to further payment on the Trust Indenture and the full amount owing should be paid to TrailWest Bank as Assignee and not to Bertch Company.

6. The Trust Indenture secured the NSF check, therefore the Trust Indenture and the Bertch Company restitution constitute the same debt. Because the Trust Indenture was paid in full by the sale and assignment of the Trust Indenture, so was the restitution. 18 U.S.C. §§ 3664(f)(4)(B) and (j).

7. The Trust Indenture is the senior-most lienholder as to the sales proceeds on deposit with the Clerk.

8.      Neither Defendant nor Mrs. Smith may claim a homestead exemption as to the Trust Indenture.  Mont. Code Ann. §§ 70-32-202(2) and 71-1-305.

Based on the foregoing, and for good cause, IT IS ORDERED that:

A.      The Clerk shall pay $415,543.41, plus interest of $68.84 per day starting November 7, 2023, until the date the Clerk issues payment to TrailWest Bank as Assignee, for full and final payment of the Bertch Company Trust Indenture;

B.      The Clerk shall issue payment to "TrailWest Bank as Assignee of Bertch Ranch and Timberland Companies, LLC, successor-by-merger of Bertch Company, LLC" and mail the payment to:

> Cederberg Law Office, PC
> FBO TrailWest Bank
> 2625 Dearborn Ave, Ste 102(B)
> Missoula, MT 59804

C.      After payment, TrailWest shall record a reconveyance or other satisfaction of the Trust Indenture with the Ravalli County Clerk & Recorder as to Parcel A, Certificate of Survey No. 4452, commonly known as 955 Someesch in Hamilton, Montana;

D.      The Clerk shall credit Defendant's restitution to Robert Bertch for the payment Bertch Company received as part of the third-party sale and Assignment of the Trust Indenture;

  E. The Clerk shall reduce the Defendant's outstanding restitution by $142,339.29 and apply the $142,339.29 to the restitution awarded to Robert Bertch; and

  F. All remaining proceeds of sale shall remain on deposit with the Clerk of Court until further order of this Court directing distribution.

  DATED this 30th day of January, 2024.

*/s/ Dana L. Christensen*
Dana L. Christensen, District Judge
United States District Court